UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD CECIL CRAIG, II,**

    **Plaintiff,**

v.                                                      Case No:  8:20-cv-922-T-02TGW

**PINELLAS COUNTY SHERIFFS OFFICE and CHAPLAIN HANSON,**

    **Defendants.**
_____/

**ORDER**

This case is before the Court on review of Plaintiff's Amended Civil Rights Complaint (Doc. 8), filed pursuant to 42 U.S.C. § 1983.

A. Section 1915

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b)  Grounds for Dismissal. — On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

B. Section 1983

"[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of

law." *Id.* Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

    C. <u>Exhaustion under the PLRA</u>

Section 1997e(a), 42 U.S.C., of the Prison Litigation Reform Act ("PLRA") provides:

> Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Therefore, Plaintiff is required to exhaust his administrative remedies before filing suit, regardless of the relief offered through administrative procedures. *Woodford v. Ngo*, 548 U.S. 81, 100 (2006) (italics original) ("[S]aying that a party may not sue in federal court *until* the party first *pursues* all available avenues of administrative review necessarily means that, if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court."); *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

"[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.  However, the Court must dismiss a complaint *sua sponte* "for failure to exhaust if the lack of exhaustion appears on the face of the

complaint." *Burns v. Warden, USP Beaumont*, 482 F. App'x 414, 416 (11th Cir. 2012) (quoting *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)); *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) ("When an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint.").

D. Analysis

In the Complaint, Plaintiff's alleges the violation of his First Amendment right to practice his religion, claiming that he has not been permitted to practice the halal or kosher diet that he has requested. Plaintiff states that his grievance on the issue was denied. However, he also states the following in response to the question, "[w]hat steps, if any, did you take to appeal that decision?": "None, I've tried in the past to appeal and I was denied." (Doc. 8 at 7).

Therefore, it is evident from the face of the complaint that Plaintiff could appeal the denial of his grievance, but he did not. He, therefore, has not fully exhausted his available administrative remedies.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED without prejudice** due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this case;

2. After fully exhausting his administrative remedies, Plaintiff may file a new complaint in a new case with a new case number; and

3. The Clerk is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 20, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE